YATES, Presiding Judge.
K.S.C.C. petitions this court for a writ of mandamus directing the trial court to vacate its order of April 8, 2003, and to enter an order awarding her custody of the parties’ minor children, which, she claims, is required by this court’s opinion in K.S.C.C. v. W.H.C., 857 So.2d 830 (Ala.Civ.App.2002).
KS.C.C. (“the mother”) and W.H.C. (“the father”) were divorced in October 1996. Two children were born of the marriage. The trial court entered an order awarding the mother full custody of the children subject to visitation rights by the father. In October 1998, the mother petitioned to modify the father’s visitation rights, alleging that the children were being sexually abused. The father moved to hold the mother in contempt. The trial court denied both motions.
On August 3, 1999, the mother moved for an emergency ex parte order, alleging that the parties’ daughter had been sexually abused while visiting the father. The father then petitioned to modify custody of the children, arguing that there had been a material change in circumstances. Following ore tenus proceedings, the trial court, on January 21, 2000, ordered that the parties undergo forensic evaluations. The trial court subsequently set the matter for a hearing; however, the trial court postponed the hearing because the parties agreed to submit to family counseling. On May 22, 2000, the trial court ordered that the mother undergo a psychological evaluation and that the parties and their children undergo counseling. Subsequently, the trial court ordered the father to undergo a forensic examination and to meet with a licensed professional counselor. After meeting with the father, the counselor notified the trial court that she would not feel comfortable recommending unsupervised visitation between the father and the children.
Following an ore tenus proceeding on April 2, 2001, at which the mother failed to appear, the trial court, on April 4, 2001, entered a default judgment against the mother and granted custody to the father, allowing the mother supervised visitation. The trial court also held the mother in contempt for violating its previous orders. That same day, the mother moved to set aside the default judgment. The trial court scheduled the matter for a hearing on May 1, 2001. On April 6, 2001, the father moved to hold the mother in contempt, alleging that she had absconded out of state with the children and that the children were currently in child-protection services in Tennessee. On May 1, 2001, the trial court held a hearing on the moth *801 er’s motion to set aside the default judgment and on the father’s new contempt motion. The trial court did not rule on either motion; the mother appealed.
In K.S.C.C. v. W.H.C., supra, this court held that the trial court had erred in failing to set aside the default judgment. There was ample evidence in the record to indicate that the parties’ minor daughter had been sexually abused. We further found that “such evidence would serve as a meritorious defense for the mother against the father’s petition to modify and to hold the mother in contempt.” 857 So.2d at 835. We held that the father would not be unduly prejudiced by setting aside the default judgment because there was evidence in the record that the father had obstructed the reunification plan with the children by refusing to pay for and failing to attend counseling as ordered by the trial court. Also, the record indicated that the mother’s attorney had immediately moved to set aside the default judgment.
In K.S.C.C. v. W.H.C., we also held that the trial court had erred in holding the mother in contempt on April 4, 2001, on the father’s original contempt claim. The father testified that the mother had denied him visitation three times. However, the father contradicted himself and admitted that on two of those occasions it was his fault for not providing the mother with proper notice as required by the trial court’s order entered in October 1998. We further held that the trial court had abused its discretion in awarding the father an attorney fee. We reversed the trial court’s judgment and remanded the case for “the trial court to enter an order consistent with [our] opinion.” 857 So.2d at 836.
On remand, the trial court, on April 8, 2003, entered an order stating:
“(1) Pending hearing on the status of the children’s welfare since May 1, 2001, the temporary custody of the children will remain with the father subject [to] the mother’s rights of visitation.
“(2) As the court heard all evidence on the mother’s petition alleging abuse, no further evidence will be taken on this issue.
“(3) The court will take evidence on the father’s motion for contempt and his counterpetition for custody.”
The issue before this court in K.S.C.C. v. W.H.C. was whether the trial court had erred in refusing to set aside the default judgment. We recognize that the trial court had held hearings in the matter; however, no final judgment had been entered on the custody issue and on the father’s motion to hold the mother in contempt. Instead, the trial judge had entered a default judgment when the mother failed to appear at one of the hearings. Clearly, before entering the default judgment, the trial court expected to conduct further proceedings in this matter; in fact, there was a subsequent hearing scheduled when the default judgment was entered. This court merely reversed the default judgment against the mother. Although the mother seeks a petition for a writ of mandamus directing the trial court to enter an order awarding her custody, she is not entitled to such relief based on this court’s decision in KS.C.C. v. W.H.C. Once the trial court determines the pending issues of custody and contempt, if the mother is not satisfied with the result, she can then appeal from the trial court’s judgment. Mandamus is not a substitute for appeal. Ex parte Showers, 812 So.2d 277 (Ala.2001).
PETITION DENIED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.